IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:25-CR-065-Z |
| FABIAN GABRIEL CARRASCO | |

## FACTUAL RESUME

In support of Fabian Gabriel Carrasco's plea of guilty to the offense in Count One of the indictment, Carrasco, the defendant, Eric Coats, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), that is, Convicted Felon in Possession of Ammunition, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*  That the defendant knowingly possessed ammunition as charged in the indictment;

*Second.*  That before the defendant possessed the ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;

*Third.*  That the defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

---

[1] Fifth Circuit Pattern Jury Instruction 2.43D (5th Cir. 2024 ed.).

**Fabian Gabriel Carrasco**
**Factual Resume—Page 1**

    *Fourth.*    That the ammunition possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the ammunition, it had traveled at some time from one state to another or between any part of the United States and any other country.

## STIPULATED FACTS

1. Fabian Gabriel Carrasco, defendant, admits and agrees that on or about May 1, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, he was a person who had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, and he did knowingly possess in or affecting interstate or foreign commerce, ammunition, to wit, 91 rounds of assorted 9mm ammunition, knowing he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code Sections 922(g)(1) and 924(a)(8).

2. On May 1, 2025, Amarillo Police Department SWAT team officers were searching for Fabian Gabriel Carrasco to arrest him for outstanding felony warrants. On that day, officers learned that Carrasco was at a residence located at 7902 Taos, Amarillo, Texas. Officers surrounded the residence and used callouts in an effort to get Carrasco out of the residence. After a short time, Carrasco's girlfriend exited the residence and confirmed that Carrasco was hiding inside the master bedroom closet. Carrasco eventually exited the residence and was taken into custody.

3. Officers requested consent to search the residence. The owner of the residence gave consent. During the search, officers located a P80 un-serialized pistol in the garage of the residence. The firearm was loaded and several additional magazines

were located in the garage. Officers located 91 rounds of 9mm ammunition in total inside the garage.

4. Officers conducted an interview with Carrasco. An officer read Carrasco his *Miranda* warnings. Carrasco waived his rights and agreed to make a statement. During the interview, Carrasco admitted that he had purchased the parts to the firearm and assembled it. Carrasco stated that he purchased the ammunition found with the firearm from friends. Carrasco admitted to shooting the firearm out in the county. Carrasco further admitted that he was a convicted felon and was not supposed to be in possession of a firearm.

5. Before Carrasco possessed the above-described ammunition, he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, and he knew he had been convicted of a felony offense. Specifically, on February 11, 2020, the defendant was convicted of the felony offense of Theft in the 181st District Court in Randall County, Texas, in cause number 30235B.

6. Carrasco admits that the ammunition was not manufactured in the State of Texas. The eleven rounds of the ammunition was manufactured by Hornady Manufacturing Company. The ammunition was manufactured in Grand Island, Nebraska. Because the ammunition was found in Texas on May 1, 2025, it must have traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the ammunition, it had traveled at some time between any part of the United States or a foreign country.

7. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

8. The defendant further admits and agrees that he possessed the above-described ammunition in violation of 18 U.S.C. § 922(g)(1) and it is, therefore, subject to forfeiture, pursuant to 18 U.S.C. § 924(d), including any additional firearm, magazines, or accessories recovered with the ammunition.

AGREED TO AND STIPULATED on this 27th day of August, 2025.

_____
Fabian Gabriel Carrasco
Defendant

_____
Eric Coats
Attorney for Defendant

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov